PER CURIAM.
By order of April 3, 2013, we denied the petitioner’s motion to stay the administrative order before this court for review. We now write to explain our reasoning.
The Florida Department of Health suspended this petitioner’s medical license on an emergency basis. The suspension followed a lengthy investigation into the petitioner’s practice by the Palm Beach Sheriffs Office (PBSO). The investigation involved the petitioner’s treatment of a patient who was, unbeknownst to him, an undercover PBSO officer. According to the administrative suspension order, the petitioner prescribed various controlled substances to the undercover officer, including Vicodin, Xanax, Percocet, and Ox-ycodone, all without ever conducting a physical examination of the officer, conducting a drug screen, or reviewing the patient’s prior medical records. The Department’s report also indicates that the petitioner failed to document the medications that he prescribed to the officer on “at least four occasions.”
Most troubling to this court, the petitioner made several statements to the officer throughout the course of the investigation which indicated a disregard for the statutorily mandated standards for the prescribing of controlled substances and an intent to conceal such disregard. On one occasion, when the undercover officer requested a prescription for Oxycodone, the petitioner told her that “we can’t do oxy; it’s too highly scrutinized, but we can do Percocets.” When the officer told him that her previous doctor’s office had been closed down by law enforcement, the petitioner joked with her that “hopefully, [his practice wouldn’t] be closed down” by the time of her next appointment. On the officer’s third to last visit, the petitioner finally requested that she provide him with a copy of a recent MRI because “they are getting very strict with that stuff.” The officer never provided the petitioner with a copy of her MRI, and he never asked for it again, despite continuing to prescribe her Oxycodone and Xanax.
The Department of Health argues that a stay “would constitute a probable danger to the health, safety, or welfare of the state.” § 120.68, Fla. Stat. (2012). Thus, the Department argues, the petitioner is not entitled to a stay as a matter of right. Id. Given the statements made by the petitioner throughout the course of the investigation, we are inclined to agree. Such statements evince a conscious disregard for the statutory requirements for the prescribing of controlled substances — which include, inter alia, the requirement that “[a] complete medical history and a physical examination must be conducted before beginning any treatment and must be documented in the medical record.” § 456.54(3)(a), Fla. Stat. (2012). Given the petitioner’s apparent disregard for these statutorily mandated standards, we decline to enter a stay of the order on appeal. § 120.68, Fla. Stat. (2012).
MOTION DENIED.
ROWE, MARSTILLER, and SWANSON, JJ., concur.